936 F.2d 573
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donal HUMMER, Plaintiff-Appellant,
v.
ST. PAUL FIRE & MARINE INSURANCE CO., Defendant-Appellee.
 No. 90-3686.
 United States Court of Appeals, Sixth Circuit.
 July 1, 1991.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and ZATKOFF, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Donal Hummer, an attorney, appeals the district court's grant of summary judgment in favor of defendant St. Paul Fire & Marine Insurance ("St. Paul"), his professional liability insurer, in this declaratory judgment action seeking a determination that St. Paul breached its duty to represent Hummer under a professional liability insurance contract ("professional liability policy"). For the reasons that follow, we affirm the district court's grant of summary judgment in favor of St. Paul.
 
 I.
 
 2
 The sole issue presented by this appeal is whether St. Paul was obligated under the professional liability policy to defend and indemnify Hummer in connection with a contractual dispute between Hummer and a former client concerning the interpretation of their contingent fee agreement. The professional liability policy issued by St. Paul to Hummer provided, in relevant part:
 
 
 3
 We'll pay amounts you and other protected persons are legally required to pay to compensate others for loss that results from an error, omission or negligent act committed in the performance of legal or notary services....
 
 
 4
 Legal services include those you perform while serving in a fiduciary capacity such as: Trustee. Executor. Administrator. Guardian. Or Conservator. But we'll only cover you to the extent you would be legally responsible as attorney for a fiduciary in the usual attorney-client relationship. (Emphasis added)
 
 
 5
 Hummer argues that St. Paul had a duty to defend and indemnify him in his lawsuit with his former client under the professional liability policy since his failure to clarify the contingent fee agreement was an error or omission in the performance of a "legal service."
 
 
 6
 We agree with the district court that St. Paul's duty to defend and indemnify under the professional liability policy did not extend to litigation concerning a contractual dispute between Hummer and his client. See Land Title Abstract & Trust Co. v. Dworken, 129 Ohio St. 23, ----, 193 N.E. 650, 652 (1934); 7 Am.Jur.2d Attorneys at Law Sec. 101 (1980) (the practice of law is generally understood to include performing services before judicial or administrative bodies, legal advice and counsel, and preparing legal instruments on behalf of clients). Absent policy provisions to the contrary professional liability insurance covers claims brought by clients against their attorneys for professional negligence in representing them, not claims arising out of purely contractual disputes between attorneys and clients concerning the terms of compensation for legal services.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation